JENNIFER PRUITT, Plaintiff-Appellant, v. DOBROSLAV PERVAN *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—03—3682

Opinion filed February 15, 2005.—Rehearing denied March 17, 2005.

Lanre O. Amu, of Chicago, for appellant.

David M. Macksey and Navdeep K. Gill, both of Johnson & Bell, Ltd., of Chicago, for appellees Dobroslav Pervan and Vesna Pervan.

JUSTICE WOLFSON delivered the opinion of the court:

The issue in this case is whether the plaintiff can pursue her claim against the owners of the building where she fell, even though her complaint against them was filed after the running of the statute of limitations.

Plaintiff Jennifer Pruitt (Pruitt) appeals the dismissal of her premises liability action against Dobroslav and Vesna Pervan (the Pervans). The trial court dismissed the Pervans because Pruitt failed to name them as parties within two years of her injury. Pruitt relies on section 2—616(d) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—616(d) (West 2002)) for her claim that her amended complaint naming the Pervans related back to her original complaint. The trial court did not agree. Neither do we. We affirm.

FACTS

On September 17, 2000, Pruitt fell on a stairway and injured herself while visiting an apartment building at 8147 South Ellis Avenue (the Property) in Chicago. On January 18, 2002, she filed a one-count complaint against Wolin-Levin, Incorporated (Wolin-Levin), alleging it was negligent in managing, maintaining, and inspecting the Property, and that its negligence resulted in Pruitt's injuries. Specifically, Pruitt alleged Wolin-Levin failed to inspect the stairway and provide proper lighting.

On November 6, 2002, Wolin-Levin disclosed that it managed the property at the time of Pruitt's accident and that the Pervans owned the Property.

At a deposition on March 19, 2003, Ivo Vasilj, the Property's manager, said his responsibilities included paying the Property's bills and inspecting apartments when tenants vacated them. Vasilj said the Pervans were responsible for the Property's maintenance, which

included replacing lightbulbs in the common areas and making other repairs. Vasilj was aware of Pruitt's accident and reported it to the insurance company and the Pervans.

On April 7, 2003, Pruitt filed a motion to amend her complaint and add the Pervans as defendants. The trial court granted the motion and defendants were served a copy of the amended complaint.

On September 8, 2003, the Pervans moved to dismiss the complaint, contending Pruitt's claim against them was barred by the statute of limitations. Pruitt contended the amended complaint related back to her original complaint under section 2—616(d) of the Code. At a hearing on the Pervans' motion, the following discussion occurred:

"[THE COURT]: *** I don't understand why the owners weren't sued in the first place when you know that somebody was simply a manager of the property.

[PRUITT'S ATTORNEY]: We didn't know the identity of the owners until after the statute ran.

* * *

[THE COURT]: *** You had no idea to sue the owner of the building? You just wanted to sue who you considered—you felt that Wolin was the manager of the building. You had no intention of suing the owner?

[PRUITT'S ATTORNEY]: Well, Judge, hindsight is 20-20. I must concede that.

* * *

Hindsight is 20-20. What I am saying now, I represent someone that did not live in the building, someone that went to visit and fell there. We see that [Wolin-Levin] is the management company. But it turns out from deposing [Vasilj], that he said that this maintenance issues [sic] we do not do, the owners did it.

* * *

[THE COURT]: It seems to me that you sue the management thinking that the management had the responsibility for changing bulbs and other routine—

[PRUITT'S ATTORNEY]: For managing the building.

[THE COURT]: And for managing the building. That's who you intended to sue and that's who you thought was liable.

[PRUITT'S ATTORNEY]: Right."

The trial court determined Pruitt's amended complaint did not meet the "mistaken identity" requirement of section 2—616(d) and granted the Pervans' motion. The court said:

"I'm sympathetic to the plaintiff, but I don't think that that is what [section 2—616(d)] speaks in terms of. They did have notice, but it didn't seem to me that a mistake concerning the identity, but

you intended to sue Wolin-Levin and that's who you did sue as manager, but who you should have sued were the owners ***.

\* \* \*

I just don't think that the mistake concerning the identity of the proper party, I don't think there was a mistake. I think [counsel] intended to sue who he intended to sue."

DECISION

Plaintiff asks us to reverse the trial court's section 2—619 dismissal (735 ILCS 5/2—619 (West 2002)) of her claim against the Pervans.[1] We review section 2—619 dismissals *de novo. Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99 (2004). Despite the unnecessarily strident tone of appellant's brief, we believe the trial court interpreted section 2—616(d) of the Code correctly (735 ILCS 5/2—616(d) (West 2002)).

Plaintiff admits she did not name the Pervans as defendants until approximately seven months after the two-year limitations period expired. The only way her claim can survive dismissal is if she meets the requirements of section 2—616(d) of the Code.

■ Section 2—616(d) provides:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading ***. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." 735 ILCS 5/2—616(d) (West 2002).

There are very few Illinois opinions discussing this section of the

---

[1]Plaintiff's claim against the other defendant, Wolin-Levin, Incorporated, was not dismissed.

Code since its amendment became effective in 2002. The previous version of the statute listed five requirements a party had to meet before an amended complaint would relate back to an earlier pleading. Three of those requirements, including that the "failure to join the person as a defendant was inadvertent," do not appear in the amended statute. 735 ILCS 5/2—616(d) (West 2002); 735 ILCS 5/2—616(d) (West 2000). Instead, section 2—616(d) now requires that would-be defendants "knew or should have known that, *but for a mistake concerning the identity of the proper party*, the action would have been brought against him or her." (Emphasis added.) 735 ILCS 5/2—616(d)(2) (West 2002).

By amending this section, the legislature intended to impose more stringent requirements for amended complaints—like those embodied in the Federal Rules of Civil Procedure. *Compton v. Ubilluz*, 351 Ill. App. 3d 223, 233-34, 811 N.E.2d 1225 (2004). Before examining the requirements of section 2—616(d), the court must assess whether the section applies at all. That is, is this a case of mistaken identity? See *Fassero v. Turigliatto*, 349 Ill. App. 3d 368, 370-74, 811 N.E.2d 252 (2004); see also *Manney v. Monroe*, 151 F. Supp. 2d 976, 998 (N.D. Ill. 2001) (no identity mistake under Rule 15(c)(2) of the Federal Rules of Procedure where the plaintiff's failure to initially name the defendant until after the limitations period expired was due to his ignorance of the defendant's involvement in the alleged wrong).

In *Fassero*, 349 Ill. App. 3d at 370-74, the court conducted this preliminary analysis before determining whether the plaintiff met section 2—616(d)'s requirements. There, the plaintiff was injured in a car accident. Todd Turigliatto was driving the other vehicle involved in the accident. Todd's brother, Thomas Turigliatto, owned the vehicle. The plaintiff said the driver identified himself as Thomas at the scene of the accident, so she filed a complaint naming Thomas as the defendant. When plaintiff discovered Todd was the driver, and not Thomas, she moved to amend her complaint and name Todd as the defendant instead. *Fassero*, 349 Ill. App. 3d at 369-70.

The court examined the plaintiff's intent in bringing the suit to determine if the case involved mistaken identity. *Fassero*, 349 Ill. App. 3d at 371. The plaintiff's intent was gleaned from the record, especially by looking at whom the plaintiff named as a defendant in the complaint. The plaintiff's complaint addressed the conduct of the driver of the vehicle—"[n]owhere in the complaint [did plaintiff] allege the owner of the vehicle violated his duty of care to her." *Fassero*, 349 Ill. App. 3d at 374. Based on the complaint, the court found the plaintiff mistakenly believed the driver's name was Thomas instead of Todd—a classic mistaken identity situation. *Fassero*, 349 Ill. App. 3d at 374.

We believe *Fassero* is distinguishable and in that distinction lies our rationale for affirming the trial judge. There, the plaintiff intended to sue the driver of the vehicle that collided with hers. She mistakenly believed the driver's first name was Thomas, instead of Todd. She never intended to sue Thomas, the owner of the vehicle.

Here, the pleadings and Pruitt's attorney's comments reveal Pruitt's intent was to sue the Property's managers—Wolin-Levin. The complaint alleged negligence in the management of the Property. Pruitt correctly identified Wolin-Levin as the Property's management company. Wolin-Levin remains a defendant in this case.

Conversely, Pruitt did not intend to sue the owners when she filed her original complaint. Pruitt apparently did not believe the Pervans had breached any duty as the owners of the Property. She must have assumed Wolin-Levin was solely responsible for maintaining the Property's stairways. We know this assumption did not change until six months after the limitations period expired. That is when Pruitt deposed Vasilj and learned the Pervans were responsible for the Property's maintenance. One month later Pruitt added the Pervans as defendants in her amended complaint.

■ Pruitt's initial failure to name the Pervans as defendants was not a mistake under section 2—616(d). There was no "mistake concerning the identity of the proper party." See 735 ILCS 5/2—616(d)(2) (West 2002). She simply lacked information of the Pervans' involvement in maintaining the Property. As stated in Pruitt's brief on appeal:

> "In [Pruitt's] original complaint, [Pruitt] assumed the management company alone maintained the building as such was responsible for the negligent acts or omissions. However, upon taking the deposition of the property manager, Vasilj, an employee of Wolin-Levin, he testified that the stairway maintenance duties were done by the owners as such, the owners are the objects of the negligent acts alleged in the complaint concerning the stairway."

The record conclusively shows Pruitt made no mistake about the identity of the owners. Her mistake was the assumption that only the management company was liable for her injury. She does not contend misrepresentations were made or facts concealed. See *Nickels v. Reid*, 277 Ill. App. 3d 849, 661 N.E.2d 442 (1996). Nor does she say there are any facts in the record that would support assertion of equitable estoppel principles. See *Wheaton v. Steward*, 353 Ill. App. 3d 67, 817 N.E.2d 1029 (2004). She is left without a claim against the Pervans. Section 2—616(d) does not save it.

## CONCLUSION

Because section 2—616(d) of the Code does not apply in this case, we affirm the judgment of the trial court.

Affirmed.

HALL and GARCIA, JJ., concur.