2015 IL App (1st) 143173

FOURTH DIVISION
September 3, 2015

No. 1-14-3173

| | | |
|---|---|---|
| STEFAN ZLATEV, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | Appeal from the |
| | ) | Circuit Court of |
| v. | ) | Cook County. |
| | ) | |
| GRANT MILLETTE, | ) | No. 11 L 013158 |
| | ) | |
| Defendant-Appellant, | ) | Honorable |
| | ) | Moira S. Johnson, |
| (James Lee, Zachary Kondratenko, | ) | Judge Presiding. |
| Nick Gianfortune, and Tom Pravongviengkham, | ) | |
| Defendants). | ) | |

JUSTICE ELLIS delivered the judgment of the court, with opinion.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment and opinion.

**OPINION**

¶ 1     In this appeal, we must answer two certified questions from the trial court regarding the relation-back doctrine, codified in section 2-616(d) of the Code of Civil Procedure (735 ILCS 5/2-616(d) (West 2014)). The first certified question is:

"Does an amended complaint against a new defendant filed after the expiration of the statute of limitations relate back to plaintiff's original complaint as a case of mistaken identity under [section 2-616(d)] where the allegations against the new defendant are the same as the allegations against originally named defendants who remain parties in interest and defendants?"

¶ 2     Our answer is that, when deciding whether an amended complaint relates back to the filing date of an initial complaint under section 2-616(d), the relevant inquiry is whether the newly-added party knew or should have known that the plaintiff made a mistake in failing to name

him or her as a defendant in the initial complaint. The plaintiff's decision to retain the original defendants in an amended complaint is irrelevant, as it sheds no light on what the defendant knew or should have known at the time the plaintiff filed the initial complaint. It only sheds light on the plaintiff's intent in amending the complaint, which is not the relevant focus.

¶ 3    The second question certified by the trial court is:

"Does plaintiff's lack of knowledge regarding the identity of a potentially culpable party constitute mistaken identity under the relation back statute in [section 2-616(d)]?"

¶ 4    Our answer is that a plaintiff's lack of knowledge regarding a party's identity—or, for that matter, a lack of knowledge regarding a known party's involvement in the events giving rise to the cause of action—may constitute a mistake of identity under section 2-616(d).

¶ 5                                I.  BACKGROUND

¶ 6    On September 10, 2011, plaintiff Stefan Zlatev and two friends went to an apartment building at 2423 North Seminary Avenue in Chicago to visit another friend, who lived in the first-floor apartment. When they arrived, a party was being held in the second-floor apartment. The two apartments shared a common entrance from the street. James Lee, a resident of the second-floor apartment, prevented plaintiff and his two friends from entering the building. Plaintiff and Lee began to argue and, according to plaintiff, Lee pushed plaintiff's friend. A fight then ensued, spilling out of the building and into the middle of Seminary Avenue.

¶ 7    During the fight, someone struck plaintiff in the head with a brick, breaking several bones in his face. Plaintiff did not see who hit him with the brick.

¶ 8    The police prepared a report dated November 8, 2011 regarding the incident. The report said that Mariyana Lechova, a witness to the fight, saw "a male white, 22 years old, 5'7"-5'8" tall, 170 pounds, short blond hair, and red shirt" walk away from the fight with a brick in his hand.

Lechova did not see this person hit plaintiff with the brick, but she saw plaintiff sitting on the curb holding his face. Lee told the police that his roommate, Zachary Kondratenko, told him that someone named "Nick Giansanti *** might have had something to do with the incident." Kondratenko told the police that he "hear[d] Nick Gianfortune's name mentioned but he did not remember *** who was talking about it."

¶ 9 On December 6, 2011, plaintiff filed his initial complaint. Lee and Kondratenko were listed as defendants, along with "John Doe #1 [through] John Doe #5." John Does 1 through 4 were named as other residents of the second-floor apartment along with Lee and Kondratenko. The complaint alleged that defendant "was struck in the head with a brick by Defendant, John Doe #5."

¶ 10 On July 12, 2012, plaintiff filed his first amended complaint, which named Lee and Nick Gianfortune as defendants. Plaintiff alleged that Gianfortune struck him with the brick.

¶ 11 Plaintiff filed a second amended complaint on October 18, 2012. This complaint retained Lee and Gianfortune as defendants and added Tom Pravongviengkham. Plaintiff alleged that Gianfortune and Pravongviengkham hit him in the head with "a heavy object." On February 1, 2013, plaintiff filed a third amended complaint, which also alleged that Gianfortune and Pravongviengkham hit him with the heavy object.

¶ 12 On June 15, 2013, Gianfortune answered plaintiff's written interrogatories. Gianfortune said that he recalled that defendant was present at the time of the incident. Gianfortune also said that he had spoken to defendant about the lawsuit after he had been served with the complaint.

¶ 13 On February 7, 2014, plaintiff filed his fourth amended complaint. That complaint alternatively alleged that defendant, Gianfortune, or Pravongviengkham struck plaintiff with the brick.

¶ 14 Defendant moved to dismiss the fourth amended complaint pursuant to section 2-619(a)(5)

of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2014)), alleging that plaintiff failed to file his fourth amended complaint within the two-year statute of limitations applicable to his claims. See 735 ILCS 5/13-202 (West 2010) (two-year limitations period applies to actions alleging personal injury). While acknowledging that the limitations period had expired before he filed the fourth amended complaint, plaintiff argued that his fourth amended complaint related back to the filing date of his initial complaint under section 2-616(d), because he had not known about defendant's involvement until after the limitations period had run.

¶ 15    The trial court denied defendant's motion to dismiss, finding that the fourth amended complaint related back to the filing date of plaintiff's earlier complaints. (Each of the earlier complaints was filed before the limitations period expired.) After denying defendant's motion to reconsider that ruling, the trial court, at defendant's request, certified two questions for immediate appeal:

"a. Does an amended complaint against a new defendant filed after the expiration of the statute of limitations relate back to plaintiff's original complaint as a case of mistaken identity under [section 2-616(d)] where the allegations against the new defendant are the same as the allegations against originally named defendants who remain parties in interest and defendants?

b. Does plaintiff's lack of knowledge regarding the identity of a potentially culpable party constitute mistaken identity under the relation back statute in [section 2-616(d)]?"

¶ 16                                II.    ANALYSIS

¶ 17    This case is before us pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), which permits a trial court to certify questions of law for our review. The trial court must find that there is "substantial ground for difference of opinion" as to the answer to the question and an

immediate appeal must be likely to "materially advance" the termination of the litigation. Ill. S. Ct. R. 308(a) (eff. Feb. 26, 2010). When addressing certified questions under Rule 308, our review is generally limited to the questions presented to us. *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 550 (2009); *Cincinnati Insurance Co. v. Chapman*, 2012 IL App (1st) 111792, ¶ 21. We review certified questions *de novo*, as they are necessarily questions of law. *De Bouse*, 235 Ill. 2d at 550.

¶ 18 At the outset, we note that defendant's arguments are focused on the propriety of the trial court's order denying the section 2-619 motion to dismiss. But that is not our focus in an appeal under Rule 308. Despite defendant's attempts to expand the scope of this appeal beyond the certified questions—questions that defendant himself formulated—we will limit our analysis to answering the certified questions.

¶ 19 We first address whether relation-back can apply when an amended pleading retains defendants named in an earlier complaint. We then turn to whether a lack of knowledge of a defendant's identity can qualify as a mistake under section 2-616(d).

¶ 20 A. Retention of Originally-Named Defendants

¶ 21 Under section 2-616(d), an amended complaint filed after the statute of limitations has expired relates back to the filing date of the original complaint if three requirements are met: (1) the plaintiff filed his original action within the limitations period; (2) the person against whom the amended complaint is brought, "within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b) ((Ill. S. Ct. R. 103(b) (eff. July 1, 2007)), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense *** *and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her*"; and (3) the cause of action in the amended pleading "grew out

of" the same transaction or occurrence as the original complaint. (Emphasis added.) 735 ILCS 5/2-616(d) (West 2014).

¶ 22    In this case, the portion of the second prong of section 2-616(d) we highlighted above is at issue. Defendant seeks clarification as to what constitutes "a mistake concerning the identity of the proper party." Defendant argues that section 2-616(d) does not apply where, as in this case, one defendant is sued, then the plaintiff adds a second defendant after the running of the limitations period *but does not dismiss the original defendant*. In that scenario, defendant argues, a plaintiff cannot possibly claim a case of mistaken identity, because if the plaintiff were "mistaken" as to the identity of the proper defendant, he would have dismissed the original, "mistaken" defendant and substituted the new, proper defendant—he would have corrected the "mistake." But where, instead, the plaintiff merely adds a second defendant and keeps the original defendant in the case as well, it must follow that plaintiff was not "mistaken" as to the "identity" of the proper defendant but, rather, that the plaintiff simply discovered the existence of a second, potentially culpable defendant to go along with the first one.

¶ 23    For the reasons that follow, we disagree. Recent case law, and the plain language of section 2-616(d), compel a different result.

¶ 24    Section 2-616(d), Illinois's relation-back statute, was designed to mirror Federal Rule of Civil Procedure 15(c)(1)(C), which likewise permits an amended pleading naming a new defendant to relate back to the initial complaint's filing date when, among other things, the new defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C) (eff. Dec. 1, 2009); see also *Borchers v. Franciscan Tertiary Province of Sacred Heart, Inc.*, 2011 IL App (2d) 101257, ¶ 42; *Maggi v. RAS Development, Inc.*, 2011 IL App (1st) 091955, ¶ 28 (section 2-616(d)

modeled after Rule 15(c)(1)(C)). Because of the similarities between these provisions, Illinois courts have looked to federal precedent interpreting Rule 15(c)(1)(C) for guidance in interpreting section 2-616(d). See, *e.g.*, *Borchers*, 2011 IL App (2d) 101257, ¶ 45; *Maggi*, 2011 IL App (1st) 091955, ¶ 28; *Polites v. U.S. Bank National Ass'n*, 361 Ill. App. 3d 76, 88 (2005).

¶ 25    The most important federal case on relation-back is a case barely mentioned by the parties, *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010), where the United States Supreme Court held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added [as a defendant] knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." In *Krupski*, the plaintiff was injured aboard a cruise ship. *Id.* There were two companies that were potentially responsible for operating the cruise ship: Costa Cruises and Costa Crociere. *Id.* at 542-43. Shortly before the expiration of the limitations period, the plaintiff sued Costa Cruise, alleging that it operated the ship. *Id.* at 543. During discovery—after the limitations period had expired—Costa Cruise informed the plaintiff several times that it was not the proper plaintiff because Costa Crociere actually operated the vessel. *Id.* at 543-44. The plaintiff then dismissed Costa Cruise from the suit and added Costa Crociere as the defendant. *Id.* at 544.

¶ 26    The trial court dismissed the amended complaint as untimely, refusing to relate it back to the original complaint and reasoning that "the word 'mistake' should not be construed to encompass a deliberate decision not to sue a party whose identity the plaintiff knew before the statute of limitations had run." *Id.* at 545. The Eleventh Circuit affirmed, noting that the plaintiff knew or should have known of the existence of Costa Crociere, and that the plaintiff was not diligent in filing her amended complaint. *Id.* at 546.

¶ 27　　The Supreme Court reversed, rejecting the lower courts' focus on what the *plaintiff* knew or should have known. *Id.* at 547-54. The Court reasoned that "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known \*\*\*, not what the *plaintiff* knew or should have known at the time of filing her original complaint." (Emphases in original.) *Id.* at 548. To the extent that the plaintiff was aware of the identity of the new defendant, that knowledge was only relevant if it related to "the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* While the Court recognized that "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties" would not constitute a mistake, the Court stressed that "[t]he reasonableness of the mistake is not itself at issue." *Id.* at 549. Instead, the inquiry should have been whether the defendant could reasonably believe that the plaintiff made a mistake in not naming the defendant initially in a lawsuit. *Id.*

¶ 28　　Of particular relevance to the certified question before us, the Supreme Court emphasized that the conduct of the plaintiff *after* filing the initial complaint would typically be "immaterial" to the relation-back question, which focuses on "what the prospective defendant reasonably should have understood about the plaintiff's intent *in filing the original complaint* against the first defendant." (Emphasis added.) *Id*. at 554. For example, the amount of time plaintiff waited after filing the initial complaint to sue the new defendant would have no bearing on what defendant perceived about plaintiff's intent in filing the initial complaint. *Id*. And we can think of no reason why it should matter whether, in a subsequent amendment to the complaint, a plaintiff did or did not continue to name the original defendant after adding the new defendant.

¶ 29　　"*Krupski* caused both federal and state courts to reevaluate their approach to relation back." *Borchers*, 2011 IL App (2d) 101257, ¶ 52. The first Illinois case to cite *Krupski* in

interpreting section 2-616(d) was our decision in *Maggi*, 2011 IL App (1st) 091955, ¶¶ 28-32. There, the plaintiff's estate attempted to sue the general contractor of a construction project where the plaintiff had been killed. *Id.* ¶¶ 3-4. After the limitations period expired, the estate received a contract showing that a different company than the one the estate had named in its original complaint was the general contractor. *Id.* ¶ 5. The estate then filed an amended complaint naming the correct company as the general contractor. *Id.* This court, relying on *Krupski*, found that section 2-616(d) applied, because the plaintiff intended to sue the general contractor for the project but was simply mistaken as to which company served as the general contractor. *Id.* ¶¶ 33-34. The court stressed that the actual general contractor should have known that plaintiff had intended to sue it from the beginning, as the plaintiff's allegations were directed at the project's general contractor, regardless of whether the complaint named the wrong corporate entity as that general contractor. *Id.* ¶¶ 37-38.

¶ 30    Likewise, in *Borchers*, 2011 IL App (2d) 101257, ¶ 52, the appellate court applied *Krupski* in finding that a plaintiff could add two individual defendants in her eavesdropping lawsuit after the expiration of the limitations period. The plaintiff had originally sued her former employer and "unknown persons" for accessing her personal email account, only later learning that two specific individuals were responsible for the eavesdropping. *Id.* ¶¶ 20-21. The trial court dismissed the amended complaint, finding that it did not relate back because the individual defendants were known to the plaintiff at the time she filed suit. *Id.* ¶ 23. The appellate court reversed, holding that under *Krupski*, the amended complaint related back to the original complaint, as "the plaintiff's failure to name [the two individuals] in her initial complaint was a 'mistake' derived from her lack of knowledge about the nature of their involvement." *Id*. ¶ 52.

¶ 31 Like the courts in *Maggi* and *Borchers*, we find *Krupski* persuasive in interpreting Illinois's relation-back provision. Section 2-616(d), like Rule 15(c)(1)(C), applies when a prospective defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her." 735 ILCS 5/2-616(d) (West 2014). Thus, when evaluating a mistake under section 2-616(d), the proper focus is not on whether plaintiff made a reasonable mistake, but whether or not the defendant could reasonably believe that plaintiff had made a mistake in not naming the defendant in the initial complaint.

¶ 32 This interpretation also strikes the proper balance between respecting statutes of limitations while adhering to the fundamental preference that disputes be decided on their merits. See *Compton v. Ubilluz*, 351 Ill. App. 3d 223, 233 (2004) (noting that section 2-616(d) should be interpreted in manner that would "lead to a resolution on the merits"). As the Supreme Court reasoned:

> "A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Krupski*, 560 U.S. at 550.

¶ 33 Contrary to defendant's suggestion, this interpretation would not be unfair to defendants by extending the time for suing indefinitely, leaving defendants in a perpetual limbo as to their rights. Along with requiring a "mistake," section 2-616(d) also requires that the newly-added defendant receive notice of the lawsuit within the limitations period and the time for service of process, and that this notice is such that the newly-added defendant "will not be prejudiced in maintaining a defense on the merits" once he or she is sued. 735 ILCS 5/2-616(d) (West 2014). These notice and

prejudice provisions, coupled with our interpretation of the "mistaken identity" language, do not lead to an unfair result. If a party is aware of a lawsuit arising out of a set of facts in which he was involved, and if that party knows or should know that the only reason he was not sued was due to a mistake on the plaintiff's part, and if the notice of this lawsuit is sufficient that the party has not been prejudiced in his ability later to defend that suit on the merits, that party is hard-pressed to claim unfair treatment when the plaintiff later discovers the mistake and sues him. If anything, that party was lucky to have avoided the suit when it was originally filed.

¶ 34     The facts of this case provide an excellent example. Plaintiff sought to sue the individual who struck him with a brick. Plaintiff originally named "John Doe #5" as that person, and later named Gianfortune or Pravongviengkham, alternatively, as that person. If, as plaintiff alleges, defendant was the person who struck plaintiff with the brick, he knew or at least should have known that plaintiff meant to sue him, not Gianfortune or Pravongviengkham. When plaintiff filed the fourth amended complaint finally naming defendant, defendant might have been surprised and no doubt was disappointed—but he could not plausibly claim unfair treatment. And more to the point, whether Gianfortune or Pravongviengkham should have remained in the suit at that point would have no bearing whatsoever on defendant's awareness of plaintiff's mistake in not initially naming him in the complaint.

¶ 35     Having clarified the relevant issue posed by this certified question, the answer to that question becomes clear. If the relevant issue is what the new defendant could have reasonably believed when the plaintiff filed the initial complaint, it does not matter whether the originally-named defendants remained in the amended complaint. A plaintiff could have many reasons for continuing to prosecute the suit against the original defendant while adding a new one—the plaintiff could be pursuing a theory of joint liability or pleading in the alternative—but

none of those reasons are relevant to the relation-back question. The only question is whether the new defendant knew or should have known that the plaintiff would have sued him from the outset if the plaintiff had not made some mistake as to the identity of the proper defendant.

¶ 36    We acknowledge that previous decisions have considered the plaintiff's intent, evidenced by the allegations of the complaint, as dispositive in construing the relation-back doctrine. See, *e.g.*, *Mann v. Thomas Place, L.P.*, 2012 IL App (1st) 110625, ¶ 17; *Maggi*, 2011 IL App (1st) 091955, ¶ 24; *Polites v. U.S. Bank National Ass'n*, 361 Ill. App. 3d 76, 82 (2005). Defendant attempts to use these statements as a reason why relation-back should not apply when the allegations of an amended complaint show that the plaintiff intended to sue the original defendant all along, that no "mistake" occurred. But the courts in those cases looked to the plaintiff's intent at the time he or she filed the *original* complaint. See *Mann*, 2012 IL App (1st) 110625, ¶¶ 17-18; *Maggi*, 2011 IL App (1st) 091955, ¶¶ 24, 33; *Polites*, 361 Ill. App. 3d at 82. Defendant asks us to center our analysis on plaintiff's intent at the time he or she filed the *amended* complaint. Our precedent has never said that the applicability of section 2-616(d) hinges on the plaintiff's reasons for *amending* his or her complaint.

¶ 37    Moreover, as we highlighted above, plaintiff's intent in filing the original complaint is relevant only to the extent that it sheds light on whether the prospective defendant was reasonable in concluding that the plaintiff had made a mistake when filing the initial complaint. *Krupski*, 560 U.S. at 549; see also *Borchers*, 2011 IL App (2d) 101257, ¶ 52 (only two questions in determining whether complaint relates back are whether defendant knew or should have known plaintiff would have sued him absent a mistake, and whether defendant would be prejudiced in defending suit). The plaintiff's intent itself is not the focus of relation-back. *Krupski*, 560 U.S. at 549.

¶ 38    We do not mean to suggest that plaintiff's intent is altogether irrelevant in considering the relation-back doctrine. It is relevant, but only insofar as it may inform what the *defendant* knew or should have known about the plaintiff's intent, and typically only with regard to the manifestation of plaintiff's intent at the time of the *initial* complaint's filing.

¶ 39    We also note that the plain language of section 2-616(d) offers no support for defendant's position that a plaintiff must remove the originally-named defendants from an amended complaint for relation-back to apply. Nowhere does the statute require that a plaintiff "substitute" or "replace" defendants before an amended pleading can relate back. See 735 ILCS 5/2-616(d) (West 2014). And permitting an amended complaint to relate back while retaining the originally-named defendants gives full effect to a plaintiff's right to plead the same cause of action in the alternative when, as in this case, the plaintiff is unsure of who committed the wrongdoing at issue. See 735 ILCS 5/2-613(b) (West 2010) (party may plead alternative theories, "regardless of consistency," when that party "is in doubt as to which of two or more statements of fact is true"). Thus, we conclude that section 2-616(d) may apply even if the defendants named in the original complaint remain in the amended complaint.

¶ 40    Defendant cites *Pruitt v. Pervan*, 356 Ill. App. 3d 32 (2005), and *McCarthy v. Omega Psi Phi Fraternity, Inc.*, 2011 IL App (1st) 092950, in support of his claim that section 2-616(d) does not apply when the originally-named defendants are retained in an amended complaint. Neither case supports defendant's position. In *Pruitt*, the plaintiff, who had slipped and fallen in an apartment building, sued the management company of the building. *Pruitt*, 356 Ill. App. 3d at 33. During a deposition, an employee of the management company revealed that the owners of the building, not the management company, were responsible for maintaining the property. *Id.* at 33-34. The plaintiff then filed an amended complaint naming the owners of the building. *Id.* at 34.

The trial court dismissed the amended complaint because it was filed after the expiration of the limitations period had expired. *Id.* at 34-35.

¶ 41    This court affirmed, holding that the complaint did not relate back under section 2-616(d). *Id.* at 37. This court found that the plaintiff had not made a mistake, that he had intended to sue the management company at the time he filed the original complaint, noting that the plaintiff had "correctly identified" the management company and that the management company "remain[ed] a defendant in [the] case" even after the building owner was added as a second defendant. *Id.*

¶ 42    *Pruitt* does not support defendant's position. Nowhere in *Pruitt* did the court say that, before relation-back applies, a party must dismiss the defendants named in the initial complaint. Moreover, to the extent that *Pruitt* found the plaintiff's intent itself was the reason that relation-back did not apply, it is no longer good law. Following *Krupski* and the Illinois cases adopting its analysis, the plaintiff's intent itself is not at issue; it is the defendant's *perception* of the plaintiff's intent that matters.

¶ 43    Nor does *McCarthy*, 2011 IL App (1st) 092950, support defendant's position. In *McCarthy*, the plaintiff, a member of a social fraternity, sued a fraternity officer for publishing false information about the plaintiff regarding an alleged hazing incident, which led to plaintiff's suspension from the fraternity. *Id.* ¶¶ 4-12. Over the next two years, plaintiff filed several amended complaints, continually naming the officer as the defendant. *Id.* ¶¶ 12, 14-15. While the trial was in progress, and after the limitations period had run, plaintiff filed another amended complaint adding the fraternity itself as a defendant, alleging that he had not been aware of the fraternity's involvement in encouraging his suspension until trial. *Id.* ¶¶ 17-18. The fraternity argued that the complaint was barred by the statute of limitations, but the trial court disagreed, awarding judgment for the plaintiff. *Id.* ¶¶ 22-23.

¶ 44    On appeal, this court held that the plaintiff did not make a mistake regarding the proper party's identity under section 2-616(d) because the plaintiff's pleadings showed that he clearly intended to sue the fraternity officer, not the fraternity, for his defamatory acts. *Id.* The court noted that, as a member of the fraternity, the plaintiff was aware that the fraternity's bylaws required that any decision to suspend him would have been approved by the fraternity. *Id.* ¶¶ 38-39.

¶ 45    *McCarthy* offers no support for defendant's position because the critical fact in *McCarthy* was not whether the plaintiff kept the officer in his amended complaint. Rather, the critical point was that it would have been reasonable for the fraternity to believe that the plaintiff only intended to sue the officer, in his individual capacity, because he was the one who actually disseminated the defamatory information. Moreover, because plaintiff had been a member of the fraternity, the fraternity could reasonably assume that he was aware that the fraternity had approved his suspension pursuant to its bylaws, but, despite that fact, plaintiff elected not to sue the fraternity. Thus, in our view, the key point in *McCarthy* was that the fraternity could reasonably conclude that the plaintiff had not made a mistake in excluding it from the initial complaint—that plaintiff had made a conscious decision not to sue the fraternity. The officer's presence or absence from the amended complaint had no bearing on that conclusion.

¶ 46    We would finally note that, though *McCarthy* was decided after *Krupski*, it made no mention of that decision. To the extent that one might argue that *McCarthy* is inconsistent with *Krupski*, we would part company with that decision and join the other appellate courts that adopted *Krupski*'s interpretation of the relation-back doctrine.

¶ 47    In sum, we answer the first certified question in the affirmative. The fact that original defendants remain as defendants in an amended complaint that adds a new defendant does not mean that the amended complaint cannot relate back under section 2-616(d). The focus in

analyzing whether a complaint relates back is not what the plaintiff intended to do when amending the complaint; the focus is whether the new defendant knew or should have known that, when the plaintiff filed the initial complaint, the plaintiff made a mistake in excluding him or her as a party defendant.

¶ 48                                    B. Lack of Knowledge

¶ 49    The second certified question asks whether a plaintiff's lack of knowledge regarding the identity of a potentially culpable party constitutes a mistake regarding that party's identity under section 2-616(d). Defendant argues that it cannot, claiming that a lack of information is not a mistake.

¶ 50    Again, we find the answer to this question in *Krupski* and subsequent Illinois case law. In *Krupski*, the Court found that "a plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware." *Krupski*, 560 U.S. at 550. Specifically, the Court noted that a plaintiff who was aware of the identity of a prospective defendant, but was unaware of what role that prospective defendant played in the occurrence leading to the lawsuit, could be considered as having made a mistake regarding the proper party's identity under Rule 15(c)(1)(C). *Id.* at 549.

¶ 51    This court has adopted that rationale. In *Maggi*, 2011 IL App (1st) 091955, ¶ 33, the court held that the plaintiff's lack of knowledge about which company served as the general contractor constituted a mistake under section 2-616(d). And in *Borchers*, 2011 IL App (2d) 101257, ¶ 52, the court, relying on *Krupski*, held that "a lack of knowledge about the identity of all of those involved in the alleged wrongdoing qualifies as a mistake concerning the identity of the proper party for the purposes of the relation-back doctrine." (Internal quotation marks omitted.) There, the court held that the plaintiff's failure to name the defendants in the first complaint was a "mistake" under

section 2-616(d) because it resulted from "her lack of knowledge about the nature of their involvement." *Id.*; see also *Arthur v. Maersk, Inc.*, 434 F.3d 196, 208 (3d Cir. 2006) ("A mistake is no less a mistake when it flows from lack of knowledge as opposed to inaccurate description." (Internal quotation marks omitted.)).

¶ 52    *Krupski*, *Maggi*, and *Borchers* answer this certified question. A lack of knowledge regarding a party's identity certainly may constitute "a mistake concerning the identity of the proper party" under section 2-616(d). 735 ILCS 5/2-616(d) (West 2014). Moreover, where a plaintiff is aware of a party's identity but is unsure about that party's involvement in the wrongdoing giving rise to plaintiff's cause of action, such lack of knowledge may also constitute "a mistake concerning the identity of the proper party" under section 2-616(d). *Id.*

¶ 53    Defendant maintains that this court has been "unequivocally consistent" in holding that "lacking information as to a particular party's involvement in an occurrence does not constitute mistaken identity." Not only is defendant incorrect regarding our supposed consistency on this point (*Borchers*, 2011 IL App (2d) 101257, ¶ 52; *Maggi*, 2011 IL App (1st) 091955, ¶ 33), but the authority he cites to support that position is unpersuasive. Defendant again cites *Pruitt* and *McCarthy* as standing for the proposition that a lack of knowledge as to a party's involvement in a case does not constitute a mistake.

¶ 54    As we explained above, *Pruitt* rests on shaky ground in light of *Krupski*, *Maggi*, and *Borchers*. The court in *Pruitt* said that the plaintiff had not made a mistake in not naming the owners of the building in the initial complaint because the plaintiff "simply lacked information of the [owners'] involvement in maintaining the Property." *Pruitt*, 356 Ill. App. 3d at 37. But that conclusion is untenable in light of *Krupski*, *Maggi*, and *Borchers*. We decline to follow *Pruitt*.

¶ 55   And, once again, *McCarthy* does not support defendant's position. As we noted above, in *McCarthy*, it was reasonable for the fraternity to conclude that the plaintiff was aware of the fraternity's involvement with the decision to suspend him, because plaintiff had been a fraternity member and was likely to have been aware of its bylaws requiring the fraternity's approval of his suspension. *McCarthy*, 2011 IL App (1st) 092950, ¶¶ 38-39. Thus, in *McCarthy*, the plaintiff did not lack knowledge about the parties' respective involvement in the alleged defamation. *McCarthy* does not stand for the proposition that a lack of knowledge cannot constitute a mistake.

¶ 56   We answer defendant's second certified question in the affirmative. A plaintiff's lack of knowledge regarding a party's involvement in the wrongdoing giving rise to his or her cause of action may constitute a "mistake concerning the identity of the proper party" under section 2-616(d). 735 ILCS 5/2-616(d) (West 2014).

¶ 57   Certified questions answered; cause remanded.