MICHAEL H. ROSE, Plaintiff-Appellee, v. MARY A. KASZYNSKI, Ex'r of the Estate of Ben Kaszynski, Deceased, Defendant-Appellant.

First District (1st Division)    No. 88—0061

Opinion filed December 27, 1988.—Rehearing denied February 2, 1989.

Anthony C. Raccuglia & Associates, of Peru (James A. McPhedran, of counsel), for appellant.

Morgan & Karzov, Ltd., of Chicago (Arnold J. Karzov and Philip S. Witt, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

The present appeal arises out of a breach of contract action filed by plaintiff, Michael Rose, against Ben Kaszynski. During the pendency of this action, Ben Kaszynski (decedent) died on March 21, 1984. On April 10, 1984, letters of office in the decedent's estate were issued, and Mary Kaszynski, decedent's wife (defendant), was appointed executor of decedent's estate on the same day. On October 4, 1984, the death of decedent was suggested and spread of record. Defendant was joined as a party to the pending action on February 19, 1985, and approximately one month later, she was served with summons.

On August 5, 1985, defendant moved for involuntary dismissal of the action on the ground that she was not joined as a party within the proper time limitation imposed by section 18—12 of the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 18—12 (Probate Act). Her motion was denied, and she subsequently filed for reconsideration. That motion was granted, and in the same order, the trial court dismissed the cause with prejudice. Plaintiff then moved to vacate that order, and upon reconsideration, the court vacated the dismissal and reinstated the cause. Plaintiff was ultimately awarded $7,950 plus costs following a trial. Defendant now appeals and we affirm.

Defendant maintains on appeal, as she did in her motion for involuntary dismissal, that section 18—12 of the Probate Act barred plaintiff's action in the present case. Section 18—12 provides in pertinent part as follows:

> "(a) All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed with the representative or the court within 6 months after the entry of the original order directing issuance of letters of office are barred as to all of the decedent's estate, unless notice is not published as provided in subsection (a) of Section 18—3 but is published as provided in subsection (b) of Section 18—3, in which event all claims not filed within 6

months after the first publication date are barred as to all of the decedent's estate ***." (Ill. Rev. Stat. 1987, ch. 110½, par. 18—12(a).)

Defendant reasons that because letters of office were filed on April 10, 1984, and defendant was not joined until February 19, 1985, over 10 months later, plaintiff's claim against her as executor of decedent's estate was untimely.

In support of her position, defendant cites *In re Estate of Worrell* (1982), 92 Ill. 2d 412, 442 N.E.2d 211. In that case, the plaintiff therein had also filed an action against the decedent prior to her death. The plaintiff, however, did not learn of the death until nine months thereafter. Meanwhile, letters of administration had been issued and publication for claims of creditors was made in accordance with section 18—3 of the Probate Act (Ill. Rev. Stat. 1977, ch. 110½, par. 18—3). Nonetheless, the plaintiff failed to file his claim in the probate proceedings or move to substitute the administrator as the party defendant in the underlying action within the six-month period under section 18—12. Accordingly, our supreme court held that the statute applied to bar the action, reasoning that it is the obligation of the creditor to formally notify the estate representative of his claim even where suit is pending at the decedent's death.

While the *Worrell* decision would appear dispositive of this appeal given that plaintiff was made aware of decedent's death on October 4, 1984, albeit only six days prior to the expiration of six months from the issuance of testamentary letters for decedent's estate, a recent United States Supreme Court decision renders *Worrell* no longer viable, at least under the circumstances of the present case.

In *Tulsa Professional Collection Services, Inc. v. Pope* (1988), 485 U.S. 478, 99 L. Ed. 2d 565, 108 S. Ct. 1340, the Court considered an Oklahoma probate statutory scheme nearly identical to that in Illinois. Under the nonclaim provision of Oklahoma's probate code, creditors' claims against an estate are generally barred unless filed within two months of the publication of notice of the commencement of probate proceedings.[1] The Court in *Tulsa* held, however, that mere notice by publication to certain creditors is inadequate for purposes of the due process clause of the fourteenth amendment, thereby reversing the decision of the Oklahoma Supreme Court. Rather, the Court ruled that due process requires " '[n]otice by mail or other means as certain to ensure actual notice' " to all known or reasonably ascertainable

---

[1] The comparable provision in Illinois requires that claims be filed within six months of publication. Ill. Rev. Stat. 1987, ch. 110½, par. 18—3(b).

creditors of the estate. 485 U.S. at ____, 99 L. Ed. 2d at 579, 108 S. Ct. at 1348, quoting *Mennonite Board of Missions v. Adams* (1983), 462 U.S. 791, 800, 77 L. Ed. 2d 180, 188, 103 S. Ct. 2706, 2712.

In reaching its conclusion, the *Tulsa* Court reasoned that a creditor's claim is considered a property interest protectable by the due process clause and that the probate court's intimate involvement throughout the probate proceedings is so pervasive that it must be considered State action. Upon balancing the due process rights of the individual creditor against the State's legitimate interest in the expeditious resolution of the proceedings, the Court found that it is not so cumbersome to require the creditor's receipt of actual notice, particularly where mail is inexpensive and efficient, and where public notice will suffice for creditors whose identities are not ascertainable by reasonably diligent efforts. Since the Court was unable to glean from the record whether the appellant's identity as a creditor was known or reasonably ascertainable by the appellee, it remanded the cause on this basis.

As in *Tulsa*, defendant here never gave actual notice to the plaintiff in the underlying action. Yet, unlike the Court in *Tulsa*, we find no need to remand the instant cause to the trial court for a determination of whether plaintiff's identity as a creditor of decedent was known or reasonably ascertainable by defendant. Given the fact that defendant is decedent's widow and the underlying action had been pending for approximately five years prior to decedent's death, we believe the above standard has been met, triggering a violation of plaintiff's due process rights. Therefore, under the mandate of *Tulsa* and the fourteenth amendment of the United States Constitution, we are obliged to uphold the trial court's decision to allow plaintiff's action, notwithstanding our State Supreme Court's decision in *Worrell* to the contrary.

In light of our holding above, we need not address plaintiff's argument regarding section 2—1008(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1008(b)), which concerns a court's discretionary authority to dismiss a claim if a motion to substitute a party is not filed within 90 days after a decedent's death is suggested of record.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'CONNOR and QUINLAN, JJ., concur.