FIRST DIVISION
September 29, 2008

No. 1-08-0138

| | | |
|---|---|---|
| PATRICIA POLLY, | ) | Appeal from the |
| | ) | Circuit Court of |
|     Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
|   v. | ) | |
| | ) | |
| THE ESTATE OF LEE POLLY, Deceased, | ) | |
| | ) | |
|     Defendant-Appellee, | ) | |
| | ) | |
|   and | ) | |
| | ) | |
| JANICE K. WALKER-TAYLOR, | ) | Honorable |
| | ) | Allen S. Goldberg, |
|     Defendant. | ) | Judge Presiding. |

JUSTICE WOLFSON delivered the opinion of the court:

Patricia Polly sued the estate of her husband, Lee Polly, for breach of contract and for an accounting. The trial court granted the estate's motion to dismiss as untimely the counts directed against the estate. Patricia contends that the limitations period does not apply because she claimed rights given her by the will, not as a creditor of Lee's estate. In the alternative Patricia contends that either the will or a letter her attorneys sent to the estate meets the statutory requirement for a timely filed claim. We affirm the dismissal of the claims against the estate.

BACKGROUND

On May 15, 1982, Patricia Borden and Lee Polly signed a Pre-

Nuptial Agreement that provided, "as long as the parties are living together as husband and wife, any earnings of LEE shall be treated as joint funds." Nuptials followed. Lee later opened an account in joint tenancy with his daughter from a previous marriage, Janice Walker.

Lee died on June 4, 2003. His will named Patricia and Janice as his heirs, and it directed the executor to comply with the Pre-Nuptial Agreement. The executor filed the will in probate court on June 9, 2003.

On May 17, 2005, Patricia's attorney, in a letter to the attorney for the estate, said:

"Patricia Polly has a claim against the Estate equal to 100 percent of the earnings of Lee Polly from the date of the marriage. As you are surely aware, the Premarital Agreement called for all of the earnings of Lee Polly after the date of the marriage, to be deemed joint property. Upon Mr. Polly's death, those earnings, wherever situated, became the property of Patricia Polly. *** Accordingly, in the event this matter is not resolved, Ms. Polly has instructed me to pursue the claim against the Estate and the individual holders of any property previously belonging to Mr. Polly."

1-08-0138

Patricia filed her complaint against the estate and Janice on November 2, 2005. After amendment, the complaint included two counts against Janice, one count against the estate for breach of contract, and one count against both Janice and the estate for an accounting. The estate moved to dismiss both counts against it based on the statute of limitations. See 735 ILCS 5/2-619(5) (West 2002). The court granted the motion and expressly found, at Patricia's request, no just reason to delay enforcement or appeal of the order dismissing both counts against the estate. Patricia now appeals.

DECISION

Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) gives us jurisdiction to consider the appeal. We review *de novo* the dismissal based on the statute of limitations. <u>Raintree Homes, Inc. v. Village of Long Grove</u>, 209 Ill. 2d 248, 254, 807 N.E.2d 439, 443 (2004).

The Probate Act provides:

"(a) Every claim against the estate of a decedent *** is barred as to all of the decedent's estate if:

(1) Notice is given to the claimant as provided in Section 18-3 and the claimant does not file a claim with the representative or the court on or before the date stated in the notice ***.

-3-

1-08-0138

> (b) Unless sooner barred under subsection (a) of this
> Section, all claims which could have been barred under
> this Section are, in any event, barred 2 years after
> decedent's death."  755 ILCS 5/18-12(a), (b) (West
> 2002).

Section 18-3 of the Probate Act establishes the duty of the estate's representative to deliver to each known creditor, and to publish, "a notice stating *** that claims may be filed on or before the date stated in the notice, which date shall be not less than 6 months from the date of the first publication or 3 months from the date of mailing or delivery, whichever is later, and that any claim not filed on or before that date is barred." 755 ILCS 5/18-3 (West 2002).

Patricia first contends the statute of limitations does not apply because she has not made a "claim against the estate" within the meaning of section 18-12.  The complaint includes two counts against the estate: one for breach of contract and one for an accounting.  The Probate Act defines a "claim" to include "any cause of action." 755 ILCS 5/1-2.05 (West 2002).  The counts for breach of contract and for an accounting both state causes of action.  In re Estate of Winters, 239 Ill. App. 3d 730, 737, 607 N.E.2d 370, 374 (1993); Santa Claus Industries, Inc. v. First National Bank of Chicago, 216 Ill. App. 3d 231, 236, 576 N.E.2d

1-08-0138

326, 329 (1991).

To avoid the broad statutory definition of a claim, Patricia relies on Taylor v. Continental Illinois National Bank & Trust Co., 26 Ill. App. 3d 610, 325 N.E.2d 444 (1975). In that case, David Shandling assigned his interest in a debt to the plaintiff, to repay the plaintiff for a loan. After Shandling died, the plaintiff sued Shandling's estate to recover the plaintiff's interest on the debt. The court held the plaintiff had not stated a claim against the estate subject to the Probate Act's limitation period, because a claim for an asset the decedent assigned to the plaintiff, which never should have passed to the estate, does not count as a claim against the estate.

Patricia contends Lee's earnings should have passed to her directly, without ever becoming part of the estate, because he assigned the earnings to her in the Pre-Nuptial Agreement.

"The existence of an assignment is dependent upon proof of intent to make an assignment and that intent must be manifested. [Citation.] As stated in the Restatement (Second) of Contracts, 'An assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is extinguished in whole or in part and the assignee acquires a right to such

-5-

1-08-0138

performance.' Restatement (Second) of Contracts §
317(1) (1981). When a valid assignment is effected,
the assignee acquires all of the interests of the
assignor in the property that is transferred."
Strosberg v. Brauvin Realty Services, Inc., 295 Ill.
App. 3d 17, 30, 691 N.E.2d 834, 843 (1998).

In the Pre-Nuptial Agreement Lee unequivocally makes the
earnings joint funds for both Lee and Patricia to use. The
Agreement does not assign to Patricia Lee's right to his
earnings. Thus, Taylor's pronouncement about the effect of an
assignment does not apply here.

Patricia also contends that she has not stated a claim
against the estate because she has pled a right to recover under
the will. The will incorporates by reference the Pre-Nuptial
Agreement that forms the basis for the counts of Patricia's
complaint directed against the estate. However, Patricia did not
formulate either count as a claim under the will. Instead she
pled one count as a claim for breach of contract and she made the
other count an action for an accounting for funds which she
claimed under the Agreement. Both counts state contractual
claims against the estate rather than a right as an heir under
the will. The statute of limitations in section 18-12 of the
Probate Act applies to Patricia's claims against the estate.

-6-

1-08-0138

The trial court, relying on In re Estate of Doyle, 229 Ill. App. 3d 995, 594 N.E.2d 774 (1992), found that a 6-month limitation period barred Patricia's claims. In Doyle, as in this case, the estate showed that the claimants received actual notice of the death, but the estate did not prove written notice directed to the claimants, informing them of the ending date for the statutory period for claims against the estate. In Doyle, unlike this case, the estate proved that it published notice of the opening and closing of the estate, as required by section 18-3(a) of the Probate Act. See Ill. Rev. Stat. 1987, ch. 110½, par. 18-3(a). When the claimants in Doyle filed their claim against the estate, the applicable statute provided:

> "All claims against the estate of a decedent *** not filed *** within 6 months after the entry of the original order directing issuance of letters of office are barred as to all of the decedent's estate, unless notice is not published as provided in subsection (a) of Section 18-3." Ill. Rev. Stat. 1987, ch. 110½, par. 18-12(a).

The court in Doyle held that actual notice of the death gave the claimants sufficient notice of the need to file their claim against the estate within the 6 month statutory period, even though they did not see the published notice that specified the

-7-

1-08-0138

date of the termination of the 6 month period for claims against the estate.

The legislature amended section 18-12 in 1989. 755 ILCS 5/18-12, Historical and Statutory Notes, at 303 (Smith-Hurd 2007). The section as amended makes no reference to a 6-month period for filing claims. Instead, it disallows claims filed after "the date stated in the notice" required under section 18-3. Section 18-3, as amended, requires the estate's representative to publish, and to mail to all known creditors, notice of the opening of the estate. The published notice and the mailed notice must state the ending date for filing claims. That date must fall at least 6 months after the first publication of the notice, and it must also fall at least 3 months after the date of mailing notice to known creditors. The statute no longer sets a 6-month maximum period for the filing of all claims against the estate. While the claimants in Doyle should have known they had no more than a 6 month period for filing claims against the estate, the current statutes no longer set any maximum period other than the two-year limit of section 18-12(b).

We hold the Probate Act no longer includes a firm 6-month limitation on the period in which claimants must file any claim against the estate. The date provided in the notice published and mailed in accord with section 18-3 sets the applicable period

-8-

for filing claims.  Because the estate here failed to prove that it published and mailed notice as required by section 18-3, only the two-year limitations period of section 18-12(b) applies. Thus, Patricia had two years from the date of Lee's death to inform the estate of her claims.

On May 17, 2005, about a month before the end of the two-year limitation period, Patricia's attorney sent a letter to the estate's attorney, informing the estate that Patricia instructed the attorney to pursue a claim against the estate if their dispute did not reach a satisfactory resolution.  Patricia contends this letter qualifies as her timely-filed claim.

In re Estate of Lane, 345 Ill. App. 3d 1123, 804 N.E.2d 113 (2003), also involved a contention that a letter mailed to the estate's representative qualified as a timely-filed claim against the estate.  The court held letters to the estate's representative may meet the requirements for claims filed against the estate, as long as the letters "sufficiently show the intent necessary to state a claim."  Lane, 345 Ill. App. 3d at 1126. For such a showing, "at the very least a letter must state an unequivocal intention to pursue a claim against the estate." Lane, 345 Ill. App. 3d at 1126.

Patricia's attorney does not state such an unequivocal intention in his letter.  Instead he threatens to make such a

claim <u>if</u> the negotiations do not otherwise reach a satisfactory resolution.  The letter of May 17, 2005, does not make Patricia's claims against the estate timely.

Finally, Patricia contends the will itself counted as her timely notice of her claims, because the will directs the executor to abide by the terms of the Pre-Nuptial Agreement.  The will does not notify the executor of Patricia's intent to claim that Lee or his estate breached a contract with her, or that Lee or his estate needed to account for disposition of certain funds.  Thus the will does not give the estate notice of the nature of the claim, as required by section 18-2 of the Probate Act.  755 ILCS 5/18-2 (West 2002).

Patricia first filed her claim against the estate, within the meaning of section 18-12(b) and section 18-2 of the Probate Act, on November 2, 2005, when she filed her complaint in the circuit court.  Because Patricia filed her claim more than 2 years after Lee's death, section 18-12(b) bars the claim.  Therefore, we affirm the judgment of the trial court dismissing both counts of Patricia's complaint against the estate.

Affirmed.

R. GORDON, P.J., and GARCIA, J., concur.

1-08-0138

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| | |
|---|---|
| Please use following form:<br><br>Complete TITLE of Case | PATRICIA POLLY,<br><br>   Plaintiff-Appellant,<br><br>     v.<br><br>THE ESTATE OF LEE POLLY, Deceased,<br><br>   Defendant-Appellee,<br><br>     and<br><br>JANICE K. WALKER-TAYLOR,<br><br>   Defendant. |
| Docket Nos.<br><br>COURT<br><br>Opinion Filed | No. 1-08-0138<br><br>Appellate Court of Illinois<br>First District, 1st Division<br><br>September 29, 2008 |
| JUSTICES | JUSTICE WOLFSON delivered the Opinion of the court:<br><br>R. GORDON, P.J., and GARCIA, J., concur. |
| APPEAL from the Circuit Court of Cook County; the Hon._____, Judge Presiding. | Lower Court and Trial Judge(s) in form indicated in margin:<br><br>  Appeal from the Circuit Court of Cook County.<br><br>  The Hon. Allen S. Goldberg, Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith, of Chicago.<br><br>(Joseph Brown, of counsel).<br><br><br>Also add attorneys for third-party appellants and/or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br><br>  For Appellant, Michael A. Haber and Jennifer M. Ovadenko, KALCHEIM HABER, LLP, of Chicago.<br><br>  For Appellee, Timothy J. Storm, LAW OFFICES OF TIMOTHY J. STORM, of Wauconda, Illinois.<br><br><br><br>    (USE REVERSE SIDE IF NEEDED) |