# Illinois Official Reports

## Appellate Court

*Walstad v. Klink*, 2018 IL App (1st) 170070

| | |
|---|---|
| Appellate Court Caption | THELMA MAE WALSTAD, Special Administrator for Rebecca Hess, Deceased, Plaintiff-Appellee, v. CHARLOTTE KATHRYN KLINK, as Executor of the Estate of Robert Flores, Deceased, and d/b/a Flores Properties Inc.; THE CITY OF CHICAGO, a Municipal Corporation; and CHARLOTTE K. FLORES, a/k/a Charlotte K. Klink, Individually, Defendants (Charlotte Kathryn Klink, as Executor of the Estate of Ronald Flores, Deceased, Defendant-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-17-0070 |
| Filed | May 21, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-L-007175; the Hon. Moira Johnson and the Hon. Annette R. Hubbard, Judges, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | William F. Zieske, of Zieske Law & Fine Arts Legal, of Harvard, for appellant.<br><br>No brief filed for appellee. |

JUSTICE HARRIS delivered the judgment of the court with opinion. Presiding Justice Pierce and Justice Mikva concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Charlotte Kathryn Klink, as executor of the estate of Ronald Flores, appeals the order of the circuit court entering judgment on the jury's verdict in favor of plaintiff, Thelma Mae Walstad, as special administrator for Rebecca Hess. On appeal, defendant contends that the trial court erred in allowing plaintiff to amend her complaint and assert claims against the estate of Ronald Flores more than two years after Flores's death, in contravention of section 18-12(b) of the Probate Act of 1975 (Probate Act) (755 ILCS 5/18-12(b) (West 2016)). For the following reasons, we affirm.

¶ 2                                          JURISDICTION

¶ 3    The trial court entered judgment on the jury's verdict in favor of plaintiff on December 5, 2016. Defendant filed a notice of appeal on January 4, 2017. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. May 30, 2008), governing appeals from final judgments entered below.

¶ 4                                          BACKGROUND

¶ 5    The following facts are relevant to the issues on appeal. On August 18, 2004, Rebecca Hess was on the rear porch of an apartment in a residential building located at 2050-2052 West Summerdale Avenue in Chicago, Illinois. Hess fell from the porch and suffered injuries, including a spinal cord injury that resulted in paralysis. The property was owned and managed by Ronald Flores and his wife, Klink. On October 25, 2004, Hess filed a personal injury and premises liability complaint against Flores, individually and d/b/a Flores Properties Inc., and against the City of Chicago. Klink was added as a defendant by amendment on January 25, 2006. The complaint alleged negligence as well as willful and wanton conduct on the part of defendants regarding the installation, safety, and maintenance of the rear porch system. The City of Chicago filed a motion for summary judgment, which the trial court granted, and the city was dismissed as a defendant.

¶ 6    Hess's case was stayed while the dismissal was on interlocutory appeal. Meanwhile, Hess died on January 4, 2009, and her mother, Thelma Mae Walstad, was appointed special administrator of her estate. Ronald Flores died on November 29, 2010, and Klink filed a small estate affidavit on January 15, 2011, in lieu of opening an estate in his name. On May 24, 2011, this court affirmed the summary judgment and dismissal in *Hess v. Flores*, 408 Ill. App. 3d 631 (2011), and the case was returned to the circuit court.

¶ 7    On June 6, 2011, a second-amended complaint was filed, which substituted Walstad as plaintiff. The second-amended complaint continued to name Ronald Flores and Klink as defendants. As in Hess's prior complaints, the second-amended complaint alleged counts of negligence and willful and wanton conduct against defendants regarding the installation, safety, and maintenance of the rear porch system at the West Summerdale Avenue property.

However, the second-amended complaint also included a count for wrongful death and listed decedent's surviving next-of-kin as Walstad and decedent's sister, Deborah Hess.

¶ 8   On November 21, 2012, Klink opened the estate of Ronald Flores in order to file a medical malpractice and wrongful death claim on his behalf. Flores's will was entered into probate on November 27, 2012, and Klink was named independent executor of the estate. Plaintiff filed a motion to substitute the estate of Ronald Flores for Flores on March 5, 2013. At the hearing on the plaintiff's motion, the trial court found that Flores's death was not properly spread of record and ordered that his death be spread of record on the next court date. Klink produced Flores's death certificate on July 31, 2013, and his death was spread of record on September 6, 2013. On September 13, 2013, plaintiff filed a third-amended complaint naming the estate and Klink as defendants. This complaint contained essentially the same allegations against defendants as plaintiff made in the second-amended complaint.

¶ 9   On October 11, 2013, defendants filed a motion to dismiss the third-amended complaint pursuant to section 2-619(a)(1), (2), and (5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2012)). Defendants alleged that plaintiff's complaint "is not properly subject to the jurisdiction of [the] Court due to the lapse of two years since [Ronald's] death" and "[n]o estate for Ronald Flores has ever been opened [by plaintiff]." Defendants argued that because plaintiff "failed to file any claim pursuant to the Probate Act, or to open an estate, within the two-year period following Flores' death," section 18-12(b) of the Probate Act barred consideration of the complaint.

¶ 10   In her answer to the motion to dismiss, plaintiff alleged that the case was on the appellate stay calendar when Flores died, and plaintiff had no knowledge of his death. Also, Klink did not spread his death of record or open an estate on his behalf. Instead, Klink filed a small estate affidavit on behalf of Flores and stated under oath "that there were no contested claims against the decedent, despite the fact that [Flores and Klink] had been defendants in this matter since 2004." Citing *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478 (1988), and *Rose v. Kaszynski*, 178 Ill. App. 3d 266 (1988), plaintiff argued that actual notice is required in this situation, and since she did not get it, she may amend her complaint to substitute the estate for Flores even though more than two years have passed since his death. Plaintiff also argued that section 2-616(d) of the Code (735 ILCS 5/2-616(d) (West 2016)) allows a party under these circumstances to substitute an estate for a defendant, and the amended complaint is not considered untimely because it relates back to the originally filed complaint. The trial court denied defendants' motion to dismiss and pretrial proceedings continued in the matter.

¶ 11   On January 9, 2015, Klink filed for bankruptcy and requested that plaintiff's case be stayed during the proceedings. Plaintiff's case was placed on the bankruptcy stay calendar on January 12, 2015. That same day, plaintiff filed a motion to substitute Klink as executor of Flores's estate as a defendant. The bankruptcy court granted Klink an order of discharge on May 28, 2016, rendering plaintiff's claims against her as an individual nonactionable. On July 13, 2016, plaintiff's case was removed from the bankruptcy stay calendar and placed on the active trial calendar. The case went to trial before a jury, and the jury returned a verdict in favor of plaintiff and against the estate of Flores in the amount of $2,514,849. Klink, as executor of the estate, filed this timely appeal.

¶ 12                                    ANALYSIS

¶ 13        Initially we note that plaintiff did not submit an appellee brief. However, given that "the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief," we will consider the merits of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). We further note that the record does not contain a transcript of the proceedings below on plaintiff's motions to amend, defendant's motion to dismiss, or on any motions to substitute parties—proceedings relevant to this appeal. As appellant, Klink has the duty to present a complete record of the proceedings so that this court is fully informed of what occurred below. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 31. "Where the record is incomplete, we resolve any doubts against the appellant and presume that the order entered by the trial court conformed both to the law and to the facts of the case." *Id.*

¶ 14        Klink contends that section 18-12(b) of the Probate Act bars consideration of plaintiff's claim against the estate. Section 18-12(b) provides that all claims against an estate are "barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent." 755 ILCS 5/18-12(b) (West 2016). This section is a grant of jurisdiction, and as such, the trial court has no power or jurisdiction to hear a claim against the estate after the statutory period has passed. *In re Marriage of Epsteen*, 339 Ill. App. 3d 586, 596 (2003). Klink does not dispute that Hess's original complaint against Flores was timely filed. However, after Flores's death, the proper party became the estate of Flores, which is a distinct legal entity from Flores the individual. See *Vaughn v. Speaker*, 126 Ill. 2d 150, 159 (1988). Klink argues that since Flores died on November 29, 2010, and plaintiff filed her third-amended complaint against his estate almost three years later on September 13, 2013, the trial court had no jurisdiction to consider plaintiff's complaint and should have granted defendants' section 2-619 motion to dismiss.

¶ 15        As support, Klink relies primarily on two cases. These cases, however, are factually distinct from the case at bar. In *Polly v. Estate of Polly*, 385 Ill. App. 3d 300, 301 (2008), the plaintiff filed a complaint for the first time after the two-year period expired whereas here, plaintiff timely filed her original complaint and filed her second-amended complaint within two years of Flores's death. In the other case, *In re Estate of Worrell*, 92 Ill. 2d 412, 414 (1982), the estate did not have knowledge of the claim until after the statutory period expired. Unlike the defendant in *Worrell*, Klink, as administrator of the estate, knew of plaintiff's claims because she was also a defendant in the prior, timely-filed complaints. These distinctions are significant in resolving this appeal.

¶ 16        Section 2-616 of the Code "permits an amended pleading to relate back to the date of the original pleading if the original pleading was timely and the amendment grew out of the same transaction or occurrence set up in the original pleading." *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 20. This provision is "applicable whether a particular time limitation is regarded as a prescription governing the right to sue or as a statute of limitations." *Simmons v. Hendricks*, 32 Ill. 2d 489, 494 (1965). In enacting section 2-616, the legislature sought to preserve a cause of action against loss due to "technical default unrelated to the merits." *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 355 (2008). Therefore, courts should liberally construe the provision's requirements "in order to allow the resolution of litigation on the merits and to avoid elevating questions of form over substance." *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 102 (1995). Although these

- 4 -

cases involved section 2-616(b), the underlying purpose and rationale of that subsection also apply to section 2-616(d), which is applicable here. See *Wilk v. Wilmorite, Inc.*, 349 Ill. App. 3d 880, 888 (2004) (noting that section 2-616(d) should be liberally construed "so that cases are decided on their merits rather than on procedural technicalities" (internal quotation marks omitted)).

¶ 17　　Section 2-616(d) allows a plaintiff, in certain circumstances, to amend a pleading and bring a cause of action against a new defendant after the time for filing has passed. It provides:

> "(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought *** against him or her *** received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, *** even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." 735 ILCS 5/2-616(d) (West 2016).

¶ 18　　The parties do not dispute that Hess's original complaint against Flores and Klink was timely filed, so the first requirement is satisfied. See *Lawler*, 2017 IL 120745, ¶ 28 (finding that a timely filed original complaint satisfies this element of section 2-616). Also, plaintiff's claims in all of her complaints arose from the same occurrence: Hess's fall from the back porch of an apartment building located at 2050-2052 West Summerdale Avenue in Chicago. Therefore, the third requirement is satisfied. The issues here are whether Klink, as executor of the estate of Flores, knew or should have known that plaintiff's claim would have been brought against it but for a mistake and whether she had notice of the claim so that it was not prejudiced in maintaining a defense.

¶ 19　　The language of section 2-616(d) substantially mirrors that of Rule 15(c) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 15(c)). Thus, we find federal cases interpreting the federal rule persuasive authority regarding the application of section 2-616(d). *Owens v. VHS Acquisition Subsidiary Number 3, Inc.*, 2017 IL App (1st) 161709, ¶ 27. In *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010), the United States Supreme Court determined that under Rule 15(c), the question of mistake "is not whether [the plaintiff] knew or should have known the identity of [the new party] as the proper defendant, but whether [the new party] knew or should have known that it would have been named as a defendant but for an error." Our appellate courts have adopted this analysis in subsequent cases including *Owens*, 2017 IL App (1st) 161709, *Mann v. Thomas Place, L.P.*, 2012 IL App (1st) 110625, *Borchers v. Franciscan Tertiary Province of the Sacred Heart, Inc.*, 2011 IL App (2d) 101257, *Maggi v. RAS Development, Inc.*, 2011 IL App (1st) 091955, and *Zlatev v. Millette*, 2015 IL App (1st) 143173. As this court reasoned in *Zlatev*,

"[i]f a party is aware of a lawsuit arising out of a set of facts in which he was involved, and if that party knows or should know that the only reason he was not sued was due to a mistake on the plaintiff's part, and if the notice of this lawsuit is sufficient that the party has not been prejudiced in his ability later to defend that suit on the merits, that party is hard-pressed to claim unfair treatment when the plaintiff later discovers the mistake and sues him." *Zlatev*, 2015 IL App (1st) 143173, ¶ 33.

¶ 20 To determine whether a mistake occurred, we examine the allegations in the original complaint and other objective manifestations in the record that establish whom plaintiff intended to sue. *Mann*, 2012 IL App (1st) 110625, ¶ 17. A plaintiff has not made a mistake if the allegations reveal that he or she intended to sue one party for misconduct but, after the time limitation period has passed, decides to add an additional defendant, not contemplated in the original complaint, who may also have been liable. See *id.* ¶ 21. Rather, section 2-616(d) applies where plaintiff's allegations and the record show that the new defendant was the party responsible for the claimed misconduct in the original complaint. *Owens*, 2017 IL App (1st) 161709, ¶ 40. In such a case, the new defendant should have an understanding that in failing to name the defendant in a prior complaint, plaintiff "made a mistake regarding the proper party's identity." *Krupski*, 560 U.S. at 548. We emphasize that the focus of section 2-616(d)'s analysis remains on the defendant's knowledge and that a "plaintiff's intent in filing the original complaint is relevant only to the extent that it sheds light on whether the prospective defendant was reasonable in concluding that the plaintiff had made a mistake." *Zlatev*, 2015 IL App (1st) 143173, ¶ 37.

¶ 21 In the original complaint, Hess alleged that she was injured when she fell from the back porch of a residential building owned and operated by Flores and his wife, Klink. Her complaint contained counts of negligence and willful and wanton conduct against defendants Flores and Klink regarding the installation, safety, and maintenance of the rear porch system at their West Summerdale Avenue property. In 2011, after Hess had died, plaintiff filed a second-amended complaint that contained substantially the same allegations against defendants but included a count for wrongful death. However, unbeknownst to plaintiff, Ronald Flores had died in 2010. The second-amended complaint continued to name Ronald Flores as a defendant instead of his estate or a representative. In 2012, while the case continued in pretrial proceedings, Klink opened an estate on behalf of Flores and plaintiff sought to amend her complaint a third time to substitute the estate as defendant. We find that in her capacities as both defendant in plaintiff's ongoing case and executor of Flores's estate, Klink knew of Hess's allegations against Flores and knew or should have known that after Flores's death, a claim was not made against his estate due to a mistake. "The reasonableness of the mistake is not itself at issue." *Krupski*, 560 U.S. at 549.

¶ 22 For these same reasons, Klink had sufficient notice of Hess's claims within the two-year period so that the estate was not prejudiced in maintaining a defense on the merits. See *Vaughn*, 126 Ill. 2d at 160 (finding that section 2-616(d) requires that the substituted defendant have knowledge a complaint had been filed prior to the lapse of the limitations period). Although the original complaint did not contain a count for wrongful death, plaintiff's second-amended complaint was filed in 2011, less than one year after Flores's death, and included a count for wrongful death. Thus, Klink was aware of Hess's death and plaintiff's wrongful death claim well within the two-year period contained in section 18-12 of the Probate Act. As our supreme court has found, "a defendant is not prejudiced if 'his attention was

directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him.' " (Internal quotation marks omitted.) *Porter*, 227 Ill. 2d at 355 (quoting *Boatmen's National Bank of Belleville*, 167 Ill. 2d at 102). Since all three requirements of section 2-616(d) have been met, plaintiff's third-amended complaint relates back to the original complaint and is not barred by section 18-12.

¶ 23     Our determination also furthers the public policy underlying section 2-616(d). The record shows that plaintiff actively pursued Hess's claim from the first filing through the filing of the third-amended complaint, and the allegations made clear she sought recovery for damages stemming from Hess's fall at the West Summerdale Avenue property due to Flores's misconduct. Klink does not dispute that she at all times knew of plaintiff's claim against Flores. To bar the third-amended complaint simply because plaintiff failed to substitute, within two years of Flores's death, a representative of the estate as a defendant, goes against the purpose of section 2-616 to preserve causes of action against loss by reason of technical pleading rules and allow resolution of the litigation on the merits.

¶ 24     For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 25     Affirmed.