**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210602-U

Order filed July 6, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| *In re* ESTATE OF HENRY A. GETZ, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Deceased, | ) | Tazewell County, Illinois, |
| | ) | |
| (Jackie Lysengen, | ) | |
| | ) | Appeal No. 3-21-0602 |
| Claimant-Appellant, | ) | Circuit No. 17-P-293 |
| | ) | |
| v. | ) | |
| | ) | |
| Jan Rouse, | ) | Honorable |
| | ) | Paul E. Bauer, |
| Executor-Appellee). | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Justices McDade and Davenport concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court properly granted motion to dismiss and disallow claim against estate where claimant filed claim beyond six-month and two-year limitations periods under Probate Act.

¶ 2     Jackie Lysengen filed a claim against the Estate of Henry A. Getz (Estate), seeking to recover damages based on a pending federal lawsuit in which she alleged that Getz and others violated the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 *et*

*seq.*). The trial court granted the Estate's motion to disallow and dismiss, concluding Lysengen's claim was time-barred by the six-month and two-year limitations periods under the Probate Act of 1975 (Probate Act) (755 ILCS 5/18-12(a), (b) (West 2020)). Lysengen appeals, claiming the trial court erred in dismissing her claim because ERISA's six-year statute of limitations preempts the shorter time limits under the Probate Act. We affirm.

¶ 3                                            I. BACKGROUND

¶ 4        On November 3, 2017, Henry A. Getz, a major shareholder in Morton Buildings, Inc., died. On November 9, 2017, the executor filed a petition to admit the will and to issue letters of administration. The trial court issued an order admitting the will on November 13, 2017, opening the estate for probate. The first notice of claim date was published on January 6, 2018, and required claims to be filed within six months of the first date of publication.

¶ 5        Jackie Lysengen was an employee of Morton Buildings from December 28, 1990, to August 23, 2019, and is a participant in the company's employee stock ownership plan (ESOP). In April 2020, she filed suit in federal court under the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 *et seq.* (2012)) against Argent Trust Company and two majority shareholders of Morton Buildings, Rouse and Edward Miller (members of the Getz family). Lysengen claimed that the defendants violated several ERISA provisions governing employee pension plans when they agreed to sell all of the company's shares to the ESOP in May 2017. Specifically, the federal complaint alleged that the defendants caused the ESOP to purchase approximately 2 million shares of company stock at a value of $75.25 per share on May 8, 2017, and that the value of the stock fell to $33.78 per share by December 31, 2017. Lysengen asserted that Argent, as the ESOP's trustee, and the selling shareholders violated ERISA by approving the transaction and selling the shares well-above fair market value.

¶ 6     On June 4, 2021, Lysengen requested leave to add Getz's estate as a defendant in the federal case. The federal district court granted Lysengen's request, and on August 19, 2021, she filed an amended complaint naming the Estate as a selling shareholder based on Getz's participation in the transaction prior to his death. Lysengen asserted the Estate had actual and/or constructive knowledge of the wrongdoing and received a benefit that violated ERISA. Among other remedies, she sought to recover the excess consideration the Estate received from the alleged unlawful stock sale, requesting the Estate "make good to the Plan *** the losses resulting from the breaches of ERISA and restore any profits [the Estate] has made through use of assets from the Plan."[1]

¶ 7     On August 31, 2021, Lysengen filed a state claim against the Estate in probate court. The claim alleged that the Estate was liable to Lysengen based on the ERISA violations asserted in the federal action. She attached a copy of the amended federal complaint and noted that the requested award was an amount "to be determined in the pending action" in federal court.

¶ 8     The Estate filed a motion for disallowance and dismissal of Lysengen's claim, arguing that the 6-month and 2-year limitations periods in the Probate Act barred the claim. See 755 ILCS 5/18-12(a)(1), (b) (West 2020). Lysengen opposed the motion, claiming that ERISA's preemption provision in section 1144(a) (29 U.S.C. § 1144(a) (2012)) and the six-year statute of limitations in section 1113 (*id.* § 1113) preempted the shorter time limits in the Probate Act. The

---

[1] On March 22, 2022, the United States District Court for the Central District of Illinois denied the Estate's motion to dismiss, holding that: (1) the probate exception did not apply and did not divest the federal court of jurisdiction over Lysengen's ERISA claim; and (2) ERISA's six-year statute of limitations (29 U.S.C § 1113) preempted the Illinois Probate Act's shorter limitations periods. See *Lysengen, on Behalf of the Morton Buildings, Inc. Leverage Employee Stock Ownership Plan. v. Argent Trust Co.*, No. 20-1177 (C.D. Ill. March 22, 2022).

trial court entered an order granting the Estate's motion and disallowing Lysengen's claim on November 30, 2021.

¶ 9                                    II. ANALYSIS

¶ 10         Lysengen contends that the trial court erred in granting the Estate's motion to disallow and dismiss her claim because the federal statute of limitations preempts the Probate Act's time limits. She maintains that since Getz participated in the transaction which violated ERISA before his death and she filed her federal lawsuit against the Estate within the six-year limitations period allowed under ERISA, her claim is not time-barred by the Probate Act. Determining the applicability of a statute of limitations to a claim presents a legal question we review *de novo*. *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008).

¶ 11         "Under the common law of Illinois, a dead person is a nonexistent entity and cannot be party to a suit." *Relf v. Shatayeva*, 2013 IL 114925 (citing *Volkmar v. State Farm Mutual Automobile Insurance Co.*, 104 Ill. App. 3d 149, 151 (1982)). The Probate Act, however, allows creditors and other claimants to pursue a claim against an individual posthumously through their estate. See 755 ILCS 5/18-1 *et seq*. (West 2020). The administration of a decedent's estate is a creature of statute and is governed exclusively by provisions of the Probate Act. *In re Estate of Zagaria*, 2013 IL App (1st) 122879, ¶ 15.

¶ 12         Section 18-12(a)(3) of the Probate Act provides:

> "(a) Every claim against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, is barred as to all of the decedent's estate if :
>
>                                    * * *

(3) The claimant's address is not known to or reasonably ascertainable by the representative and the claimant does not file a claim with the representative or the court on or before the date stated in the published notice as provided in Section 18-3." 755 ILCS 5/18-12(a)(3) (West 2020).

Under section 18-3, notice of publication must state that claims may be filed on or before the date set forth in the notice, "which date shall be not less than 6 months from the date of the first publication ***." *Id.* § 18-3(a). The date provided in the published notice sets the applicable period for filing claims. *Polly v. Estate of Polly*, 385 Ill. App. 3d 300, 304 (2008).

¶ 13 Section 18-12(b) of the Act further provides that "[u]nless sooner barred under subsection (a) of this Section, all claims which could have been barred under this Section are, in any event, barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent." 755 ILCS 5/18-12(b) (West 2020). This section is a grant of jurisdiction. *Walstad v. Klink*, 2018 IL App (1st) 170070, ¶ 14; see also *In re Marriage of Epsteen*, 339 Ill. App. 3d 586, 596 (2003) ("statute providing for a claim against an estate within a prescribed period is a grant of jurisdiction, not a general statute of limitations"). Consequently, the trial court has no authority to hear a claim against an estate after the two-year statutory period has passed. *Walstad*, 2018 IL App (1st) 170070, ¶ 14.

¶ 14 The Probate Act broadly defines a "claim" to include "any cause of action." 755 ILCS 5/1–2.05 (West 2020). Thus, the two-year statutory limitations period applies to any claim regardless of its legal basis. See *Rozycki v. Gitchoff,* 180 Ill. App. 3d 523, 525 (1989) (claims based in contract, tort, or any other theory must be filed within the statutory period and cannot be pursued in a separate proceeding after that period has ended). This inflexible time frame was

5

enacted by the legislature to promote the early settlement of estates. *In re Estate of Parker,* 2011 IL App (1st) 102871, ¶¶ 57-58. "The time frame cannot be extended even for equitable reasons, and, once it has expired, courts have no jurisdiction to adjudicate any claim against an estate." *In re Estate of Zivin*, 2015 IL App (1st) 150606, ¶ 10.

¶ 15        Here, the time limitations set forth in the Probate Act are crucial. The executor published notice on January 6, 2018, and, in accordance with section 18-12(a)(3), it required all claims to be filed by July 6, 2018. In addition, under section 18-13(b), all claims against the Estate, regardless of notice or legal basis, were required to be filed by November 3, 2019, two years after Getz's death. Lysengen filed her ERISA complaint in federal court on April 30, 2020, and first requested leave to add the Estate as a defendant on June 4, 2021. Moreover, she did not formally file a claim in probate court until August 31, 2021. Thus, by any measurement, she missed the time within which to assert her claim against the Estate. Accordingly, the probate court lacked jurisdiction under section 18-12 of the Probate Act, and the trial court properly granted the Estate's motion to disallow and dismiss her claim.

¶ 16        Lysengen suggests that the March 22, 2022, decision by the federal district court in the underlying ERISA action requires a different result and controls our disposition. See *Lysengen, on Behalf of Morton Buildings, Inc. Leverage Employee Stock Ownership Plan v. Argent Trust Co.*, No. 20-1177, slip op. 3-5 (C.D. Ill. March 22, 2022). In Lysengen's federal case, the Estate argued that it lacked the capacity to be sued because the two-year limitations period in the Probate Act preempted federal jurisdiction. *Id.* slip op. 2. The federal district court held that Congress enacted ERISA to establish a uniform set of rules to regulate pension plans and that the two-year limitations period in section 18-12(b) of Illinois's Probate Act did not preempt ERISA's six-year statute of limitations. It then concluded that the "probate exception" to federal

6

jurisdiction did not bar Lysengen's federal ERISA claim and denied the Estate's motion to dismiss. *Id.* slip op. 3.

¶ 17        We read the federal case in sync with our ruling today. The "probate exception" is a narrow, limited doctrine that: (1) "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate[;]" and (2) "precludes federal court from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006); see also *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006). In rejecting the probate exception in Lysengen's federal case, the district court held that "the application of the shorter state period for filing would infringe upon the exclusive federal concern in uniformity of pension plan regulations and thus would be inappropriate in this context." Essentially, the federal district court concluded that it has subject matter jurisdiction over the federal ERISA claim and that its authority to resolve the ERISA issue was not controlled by a state probate statute. Likewise, in this case, the probate court's jurisdiction to resolve estate matters and dispose of property in the custody of the probate court is not controlled by the federal statute of limitations.

¶ 18        To be sure, the federal district court appropriately determined that it has authority to adjudicate the validity of the ERISA claim, leaving Lysengen to assert her federal judgment in probate court. However, the federal court's ruling does not interfere with the state court's possession of estate property or the administration of the estate. Its ruling in no way limits the state court's ability to exercise jurisdiction over the probate claim. See *Wilmington Trust, National Ass'n v. Estate of McClendon*, 287 F. Supp. 3d 353, 363 (S.D.N.Y. 2018) (in denying motion to dismiss and finding probate exception inapplicable, court noted that federal judgment

7

only interpreted guaranty and adjudicated rights under federal law but did not instruct the state probate court in the probate proceeding how to exercise jurisdiction or distribute the estate).

¶ 19    Nevertheless, Lysengen insists that the six-year statute of limitations should apply, noting that Congress intended for the ERISA preemption to be broad. See *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 146 (2001) (emphasizing that ERISA preemption provision is deliberately expansive and designed to establish pension plan regulation as an exclusively federal concern). Lysengen cites several federal cases holding that ERISA preempts state provisions where conflicting statute of limitations exist. See, *e.g.*, *Hemphill v. Estate of Ryskamp*, 619 F. Supp 2d 954, 978-80 (E.D. Cal. 2008); *Board of Trustees of Western Conference of Teamsters Pension Trust Fund v. H.F. Johnson, Inc.*, 830 F.2d 1009, 1016-17 (9th Cir. 1987). Those case are easily distinguishable in that they involve the analysis of federal jurisdiction over an ERISA claim. As the federal district court has ruled in Lysengen's underlying case, the federal court has jurisdiction to consider her claim that defendants, including the Estate, violated ERISA when they sold company stock to the ESOP. However, any federal court judgment against the Estate would then have to be enforced in state court by filing a claim against the Estate in probate proceedings. At that point, the same result would be required—dismissal of the claim based on lack of jurisdiction.

¶ 20    In this case, the six month and two-year limitations periods bar Lysengen's claim. As the Estate notes, even if Lysengen were to obtain a judgment against the Estate in federal court, she could not recover from the Estate. Lysengen asks to stand in line with other claimants in probate court, but she failed to secure her place in that line under sections 18-12(a) and 18-12(b) of the Probate Act. A judgment, or the possibility of a judgment, by the federal court does not create a pathway for Lysengen to assert a claim against the Estate in state court:

8

"While [a claimant] may not be denied his right to prosecute an action or judgment or a suit to final decree in the federal court, such judgment or decree can do no more than adjudicate the validity and amount of his claim. The marshalling of that claim with others, its priority, if any, in distribution, and all similar questions, are for the probate court upon presentation to it of the judgment or decree of the federal court. Thus, though a receiver should resort to the United States District Court he would need to present, in a probate court, any judgment obtained, if he desired payment from the assets under the control of the latter." *Pufahl v. Parks' Estate*, 299 U.S. 217, 226 (1936).

At this point, the door for new claims against the Estate is closed, and there is no mechanism to reopen it.

## III. CONCLUSION

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.